UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYRUS N. PLUSH,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE,<br><br>Defendant. | CASE NO. 3:26-cv-05779-TL-BAT<br><br>**REPORT AND RECOMMENDATION** |

On July 13, 2026, Plaintiff, a Clallam Bay Corrections Center prisoner, filed a *pro se* § 1983 complaint. Because Plaintiff neither paid the filing fee nor applied to proceed *in forma pauperis* (IFP), the Clerk's Office notified him he must either pay the filing fee or submit an IFP application by August 21, 2026, or the case may be dismissed. As Plaintiff has not responded to the clerk's notice the Court recommends the case be dismissed without prejudice. Additionally, if Plaintiff submits an application to proceed IFP before adoption of this recommendation, the Court recommends Plaintiff be directed to pay the filing fee within 14 days of adoption of this Report and Recommendation because he is subject to the three-strikes rule and dismissing the case without prejudice if he fails to do so.

/

/

## BACKGROUND

Plaintiff's complaint alleges he was denied access to the Courts due to his placement in the Intensive Management Unit (IMU). Plaintiff also claims the prison decides what constitutes legal material, what material are non-legal and may be discarded, what Plaintiff can submit to the Courts, and whether Plaintiff has access to the law library. Plaintiff alleges the prison has engage in this conduct for "several decades" and has retaliated against Plaintiff for filing lawsuits in both the state and federal courts. Plaintiff further claims that retaliatory criminal charges were filed in Walla Walla County for which he received a five-year prison sentence.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), "prisoners who have repeatedly brought unsuccessful suits may be denied IFP status under the three-strikes rule." *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). The "three-strikes rule" states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The three-strikes rule does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the statute's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008). When an IFP motion or application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915(e) and the action is dismissed, the dismissal counts as a "strike." *Id*. at 1155.

The Court's records establish at least three prior lawsuits that Plaintiff filed while incarcerated, were dismissed as "strikes" including:

1. 3:02-cv-05185-RJB, *Plush v. Lewis County*, Dkt. 32, "Plaintiff's cause of action is dismissed for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915."

2. 3:02-cv-05279-FDB, *Plush v. Lewis County*, Dkt. 37, "The Dismissal Counts as a Strike."

3. 3:02-cv-05280-FDB, *Plush v. Walla Walla St. Pen.*, Dkt. 10, "Dismissal Counting as a Strike."

4. 3:02-cv-05281-RJB, *Plush v. Cowlitz County*, Dkt. 8, "Dismissed with the Dismissal Counting as a Strike."

Because Plaintiff has incurred three "strikes," he cannot proceed IFP unless he shows he is "under imminent danger of serious physical injury," at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g). Plaintiff fails to make this showing as his complaint alleges denial of access to the Courts, improper handling of his paperwork, mail and access to the law library, and an alleged retaliatory Walla Walla County criminal prosecution leading to a five-year prison sentence. The Court finds these allegations fail to show imminent danger of serious physical injury, and Plaintiff is subject to the three-strikes which accordingly bar Plaintiff from proceeding with his lawsuit in federal court unless he pays $405.00 ($350.00 filing fee plus $55.00 administrative fee). *See* 28 U.S.C. § 1915(g).

**CONCLUSION**

For the reasons above, the Court recommends:

(1) The complaint be dismissed without prejudice because Plaintiff has failed to pay the filing fee and failed to respond to the Clerk's notice of filing deficiency.

(2) If Plaintiff submits an application to proceed IFP before dismissal of the case, the application should be denied because Plaintiff is barred from proceeding IFP under the three-strikes rule.

(3) This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Any objections to this Report and Recommendation may be filed no later than **September 8, 2026.** The Clerk shall note the matter for **September 9, 2026**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 25th day of August, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge